UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20403-CR-DIMITROULEAS

15-80299-CR - DIMITROULEAS
15-60293-CR - DIMITROULEAS
15-60294-CR - DIMITROULEAS

UNITED STATES OF AMERICA

vs.

RAMIRO CARO-PINEDA,
    a/k/a "Nolasco,"
    a/k/a "Hugo,"

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (the "SDFL Office") and **RAMIRO CARO-PINEDA, a/k/a "Nolasco," a/k/a "Hugo,"** (hereinafter referred to as the "defendant") enter into the following agreement:

1.    The defendant agrees to plead guilty to (i) Count One of Indictment 15-20403-CR (the "SDFL Indictment"), which charges the Defendant with conspiring to distribute a narcotic controlled substance, knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963; and (ii) Count One of Indictment 15-60294-CR (the "EDNY Indictment"), which charges the Defendant with operating a continuing criminal enterprise by conspiring to distribute a narcotic controlled substance, knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963; (iii) Count One of Indictment 15-60293-CR (the "EDTX Indictment"), which charges the Defendant with conspiring to possess or distribute a narcotic controlled substance, in violation of Title 21, United States Code, Section 846; (iv) Count One of Indictment

1

15-60299-CR (the "MDFL Indictment"), which charges the Defendant with conspiring to distribute a narcotic controlled substance, knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963.

2. The SDFL Office agrees to seek dismissal of the remaining counts in all Indictments as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that for Count One of the SDFL Indictment the Court must impose a minimum term of imprisonment of 10 years and may impose a maximum sentence of imprisonment of life, followed by a mandatory minimum term of supervised release of at least 5 years and a maximum term of supervised release of life. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to the greatest of $10,000,000 or twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant as a result of the offense.

5. With respect to Count One of the EDNY Indictment, the Court must impose a minimum term of imprisonment of 20 years and may impose a maximum sentence of imprisonment of life, followed by a mandatory minimum term of supervised release of at least 5 years and a maximum term of supervised release of life. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to the greatest of $5,000,000.

6. With respect to EDTX Indictment the Court must impose a minimum term of imprisonment of 10 years and may impose a maximum sentence of imprisonment of life, followed by a mandatory minimum term of supervised release of at least 5 years and a maximum term of supervised release of life. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to the greatest of $10,000,000 or twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant as a result of the offense.

7. With respect to the MDFL Indictment the Court must impose a minimum term of imprisonment of 10 years and may impose a maximum sentence of imprisonment of life, followed by a mandatory minimum term of supervised release of at least 5 years and a maximum term of

supervised release of life.  In addition to a term of imprisonment and supervised release, the court may impose a fine of up to the greatest of $10,000,000 or twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant as a result of the offens

8. The defendant further understands and acknowledges that, in addition to any sentence imposed under the previous paragraph of this agreement, a special assessment in the amount of $100 per each count will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

9. The SDFL Office reserves the right to inform the court and the probation office, with input from the United States Attorney's Office for the Eastern District of New York, Eastern District of Texas, and Middle District of Florida (the "EDNY Office," "EDTX Office," "MDFL Office," collectively, "the Offices"), of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the SDFL Office, with input from the SDNY Office, EDTX Office, and MDFL Office, further reserves the right to make any recommendation as to the quality and quantity of punishment.

10. The SDFL Office agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is

contemplated by the Parties. However, the SDFL Office will not be required to make this sentencing recommendation if the defendant:

    a. fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

    b. is found to have misrepresented facts to the government prior to entering this plea agreement; or

    c. commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

11. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

12. The SDFL Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the SDFL Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal

matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

13. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

14. The SDFL Office and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Amount of narcotics</u>: That the quantity of cocaine involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is more than 450 kilograms.

    b. <u>Role in the offense</u>: That the defendant should receive a three-level increase as a manager and supervisor of criminal activity that involved five or more participants, pursuant to Section 3B1.1 of the Sentencing Guidelines.

c. <u>Specific Offense Characteristic</u>: Because the defendant unlawfully imported or exported a controlled substance under circumstances in which an aircraft other than a regularly scheduled commercial air carrier was used to import or export the controlled substance, the defendant should receive a two-level increase, pursuant to § 2D1.1(b)(3)(A).

15. <u>Adjusted Offense Level:</u> That the applicable adjusted offense level under all of the circumstances of the offense(s) committed by the defendant is Level 43.

16. <u>Total Offense Level</u>: That the applicable adjusted offense level under all of the circumstances of the offense committed by the defendant, and the defendant abides by all of the terms set forth in this plea agreement is Level 40.

17. The SDFL Office and the defendant agree that the defendant is not eligible for the safety-valve provision pursuant to Section 5C1.2 of the Sentencing Guidelines.

18. The Offices and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court impose concurrent sentences for each count to which the defendant is pleading guilty from the SDFL Indictment, EDNY Indictment, EDTX Indictment, and MDFL Indictment.

19. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the

Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

20. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

21. This is the entire agreement and understanding between the SDFL Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

| Date: _____ | By: _____ |
| | MICHAEL B. NADLER    ROBIN WAUGH |
| | ASSISTANT UNITED STATES ATTORNEY |
| Date: 12/1/15 | By: _____ |
| | LOUIS CASUSO |
| | ATTORNEY FOR DEFENDANT |
| Date: 12/1/15 | By: _____ |
| | **RAMIRO CARO-PINEDA** |
| | DEFENDANT |

Susana Starosta
Spanish Court Interpreter
12/1/15